JACOB KAUFHOLD, DEFENDANT IN CERTIORARI, v. ED-
WARD F. ROTH, PROSECUTOR.

Argued June 11, 1906—Decided November 12, 1906.

Where, in a proceeding arising over a claim of property, in conformity
with the sixty-second section of the Justice's Court act (*Pamph. L.*
1903, *p.* 270), it appears that practically all the evidence was
illegally admitted, the finding of the jury will be vacated and set
aside.

On *certiorari.*

Before Justices FORT, GARRETSON and REED.

For the prosecutor, *Austin H. Swackhamer.*

For the defendant, *Robert S. Clymer* and *Robert C. Sparks.*

The opinion of the court was delivered by

FORT, J. The writ in this case brings up the finding of a
jury in the small cause court on a controversy arising over a
claim of property.

The prosecutor held an execution against one William
Kaufhold, under which he levied on certain personal prop-
erty as the property of William Kaufhold, which Jacob J.
Kaufhold claimed to own, and he served notice of his claim
upon the constable having the execution in favor of the
prosecutor, against William Kaufhold, and demanded a jury
trial of the right of property.

These proceedings were in conformity with the sixty-second
section of an "Act constituting courts for the trial of small
causes (Revision of 1903)." *Pamph. L., p.* 270.

There are no allegations of irregularity in the proceedings,
but it is alleged that on the trial illegal evidence was ad-
mitted.

From the return made by the justice under the writ, we
think that practically all the evidence admitted was illegal.

Some of it may have been harmless, although illegal; still, it was generally so bad that the result cannot be sustained.

Without going into detail, evidence in the following respects was illegally admitted:

1. It was not proper to admit the title deeds of Jacob J. Kaufhold in evidence as the title deeds of the real estate, as the title to the real estate was not in issue in the cause, and could not be, and proof of the fact that Jacob J. Kaufhold owned the real estate was not evidential upon the question of whether he was the owner of the personal property.

2. It was illegal to admit the evidence and take proof as to the articles not mentioned in the claim filed with the constable, and the verdict in this case awarding their return, which was permitted by the justice, was clearly bad.

3. It was improper to admit in evidence the postal card written by a third party to the claimant, saying the claimant's mowing machine was ready for him, as proof of the ownership by the claimant of the mowing machine. There is no theory upon which such a letter is admissible.

4. The admission of a certificate made by the assessor of the township of Franklin that William Kaufhold, the defendant in the execution held by Roth, was not assessed for any property in that township, to prove that he owned none, and also to prove that Jacob J. Kaufhold was the owner of the personal property which he claimed in this case, was clearly illegal. Neither the certificate itself nor any of the inferences sought to be drawn from it were legal evidence in the cause.

5. The admission in evidence of the tax bills of the claimant, which showed that he was assessed for personal property in the township where this property was, which did not in any way show that the property claimed was the property assessed, was also improper. The jury were permitted to treat these as evidence of ownership in the claimant of the property claimed.

6. The letter of one Hitchener, addressed to the claimant, acknowledging the receipt of a note to pay for a wood lot, was also admitted in evidence for the claimant as proof of the

fact that the cut wood, which was levied upon and which was lying in the farm yard, was the property of the claimant, goes to the limit of the admission of illegal evidence ever heretofore brought to our attention even in a justice's court.

Practically all the evidence in the cause was illegally admitted, and the finding of the jury is vacated and set aside, as is also the order for costs against the plaintiff in the execution against William Kaufhold. The prosecutor is allowed costs in this court on this writ.